# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1464
Lower Tribunal No. 17-21846
_____

## Leonard Brandon Pringle,
Appellant,

vs.

## Ingrid Esther Pringle,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge.

Sandy T. Fox, P.A., and Sandy T. Fox and Alisha B. Savani, for appellant.

Florida Appeals, and Erin Pogue Newell and Shannon McLin, B.C.S. (Orlando), for appellee.

Before LOGUE, C.J., and LOBREE and BOKOR, JJ.

LOGUE, C.J.

Former Husband, Leonard Brandon Pringle, appeals the trial court's

post-judgment orders unequally distributing the mortgage debt he and his

Former Wife, Ingrid Esther Pringle, shared on their marital home. He argues the trial court abused its discretion in doing so.

This is not the first time this issue has been before us. The trial court entered the orders on appeal pursuant to our prior opinion. Pringle v. Pringle, 333 So. 3d 757, 758 (Fla. 3d DCA 2022). In this opinion, we reviewed the Former Husband's appeal of the final judgment, which challenged the trial court's distribution of the mortgage debt. Id. However, we held that we could not review this issue because the trial court did not actually decide it. Id. So, we remanded on this issue and instructed the trial court to rule on it. Id.

The trial court did so and entered orders distributing the entire mortgage debt to the Former Husband. The Former Husband now appeals these orders, arguing that the trial court abused its discretion when it distributed the entire mortgage debt to him. We are not persuaded.

The law in this area is clear, the distribution of a martial asset or liability does not have to be equal. While there is a statutory presumption in favor of equal distribution, distribution is ultimately a discretionary function of the trial court, based on its evaluation of the factors in § 61.075(1), Florida Statutes.

> Although the discretion of the trial court in disposing of marital property is tempered by Florida's statutory presumption in favor of equal distribution, the law recognizes there are certain instances where "there is a justification for unequal distribution based on all the relevant factors." In accord with these principles,

"a trial court need not equalize the financial position of the parties" but must "ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune."

Corrales v. Corrales, 320 So. 3d 217, 220 (Fla. 3d DCA 2021) (quoting § 61.075(1), Fla. Stat. and Canakaris v. Canakaris, 382 So. 2d 1197, 1204 (Fla. 1980)).

In its judgment, the trial court made lengthy findings pursuant to § 61.075(1), Florida Statutes, detailing the intentional conduct of the Former Husband that resulted in its decision to unequally distribute the interests in the marital home.[1] In particular, it mentions the Former Husband ousting the Former Wife from the home, resulting in her having to pay for a new place to live while also depriving her of the opportunity to collect rent from the third parties the Former Husband unilaterally allowed to live there after she left. We find no abuse of discretion in the trial court's determination that these actions justified an unequal distribution.

Affirmed.

---

[1] At a hearing on remand, the trial court explained that its reasons for unequally distributing the marital home's mortgage debt were the same as its reasons for unequally distributing the home's equity. These reasons were laid out in the trial court's final judgment.